UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUMAN MEHTA,

         Plaintiff,

    v.

STEPHEN LIPWORTH et al.,

         Defendants.

No.  2:13-cv-2049-GEB-KJN PS

ORDER AND

FINDINGS AND RECOMMENDATIONS

Plaintiff Suman Mehta, proceeding in this action without counsel, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)[1]  Plaintiff's application in support of her request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

////

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

3    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7    Cir. 1989); Franklin, 745 F.2d at 1227.

8          To avoid dismissal for failure to state a claim, a complaint must contain more than "naked

9    assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of

10   action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

11   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

12   statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

13   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

14   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

15   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

16   at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

17   the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

18   and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

19   U.S. 232, 236 (1974).

20         Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21

21   (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear

22   that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma

23   pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson,

24   809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

25         In this case, plaintiff alleges that a judgment was fraudulently obtained against Raj Singh

26   for certain fraudulently inflated attorney's fees after a statute of limitation had expired.

27   According to plaintiff, defendant Stephen Lipworth became an assignee to collect the judgment

28   from Raj Singh.  In 2010, defendant Lipworth, in a conspiracy with defendant Steven Finley,

2

improperly placed a levy on the real estate property of the RadhaKrishna Trust for which plaintiff

was the trustee, and improperly foreclosed on real property owned by plaintiff for satisfaction of

the judgment against Raj Singh.  As a result of defendants' purported actions, plaintiff allegedly

lost ownership of her property located at 1625 and 1625 ½ 28th Street in Sacramento, California.

Although the complaint states that plaintiff "brings this suit in equity for deprivation of

rights, privileges, and immunities secured by the Constitution and laws of the United States,"

plaintiff does not identify particular federal law(s) under which she is asserting claims.  The

complaint also references alleged fraud and violation of California Business and Professions

Code sections 17200 et seq., and at least facially invokes the court's diversity jurisdiction by

alleging that plaintiff is a citizen of India, defendant Finley is a citizen of California, defendant

Lipworth is a citizen of another U.S. state, and that the amount in controversy exceeds $75,000.

(See ECF Nos. 1, 1-1.)

After reviewing plaintiff's complaint and the court's records, it appears that plaintiff's

claims in this action are barred by the doctrine of claim preclusion.  Claim preclusion "bars

litigation in a subsequent action of any claims that were raised or could have been raised in the

prior action...The doctrine is applicable whenever there is (1) an identity of claims, (2) a final

judgment on the merits, and (3) identity or privity between parties."  Owens v. Kaiser Foundation

Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (internal citations and quotation marks

omitted).  The Ninth Circuit has identified four factors that should be considered by a court in

determining whether successive lawsuits involve an identity of claims:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action;
>
> (2) whether substantially the same evidence is presented in the two actions;
>
> (3) whether the two suits involve infringement of the same right; and
>
> (4) whether the two suits arise out of the same transactional nucleus of facts.

See C.D. Anderson & Co. v. Lemos, 832 F.2d 1097, 1100 (9th Cir. 1987); accord Headwaters

3

1  Inc. v. United States Forest Serv., 399 F.3d 1047, 1052 (9th Cir. 2005); Littlejohn v. United

2  States, 321 F.3d 915, 920 (9th Cir. 2003).  "The central criterion in determining whether there is

3  an identity of claims between the first and second adjudications is whether the two suits arise out

4  of the same transactional nucleus of facts."  Owens, 244 F.3d at 714.

5           Identity of Claims

6           Plaintiff's complaint in this case is virtually identical to the complaints in a previously-

7  dismissed case.  See Singh & Mehta v. Lipworth & Finley, 2:11-cv-679-JAM-EFB, ECF Nos. 1,

8  5, 9.[2]  The previous action was likewise based on allegations that defendant Lipworth, in a

9  conspiracy with defendant Finley, had improperly placed a levy on the real estate property of the

10 RadhaKrishna Trust for which plaintiff was the trustee, and had improperly foreclosed on real

11 property owned by plaintiff for satisfaction of a purportedly fraudulent judgment against Raj

12 Singh.  The previous action involved the same real properties – 1625 and 1625 ½ 28th Street in

13 Sacramento, California.  Id.

14          In light of the above, both actions clearly arise out of the same transactional nucleus of

15 facts, both actions involve alleged infringement of the same property rights, substantially the

16 same evidence would be involved in both actions, and the rights or interests established in the

17 prior judgment (discussed below) would be destroyed or impaired by allowing plaintiff to

18 prosecute the instant action against defendants.

19          Therefore, the court has little difficulty in concluding that there is an identity of claims

20 between the prior action and the instant action.  Even if plaintiff's present complaint could

21 somehow be construed as asserting claims under different or additional statutes, these claims are

22 simply new legal theories arising from the same transactional nucleus of facts and could have

23 been raised in the prior action.  See Owens, 244 F.3d at 713-14; C.D. Anderson & Co., 832 F.2d

24 at 1100.

25 ////

26

27 _____

[2] A court may take judicial notice of court filings and other matters of public record, which are
not subject to reasonable dispute.  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746

28 n.6 (9th Cir. 2006); Fed. R. Evid. 201(b).

1    A Final Judgment on the Merits

2         In the prior action, the district court, after granting leave to amend on several occasions,

3    ultimately granted the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure

4    12(b)(6); dismissed the case without leave to amend (i.e., with prejudice) on October 29, 2012;

5    and entered judgment accordingly.  Singh & Mehta v. Lipworth & Finley, 2:11-cv-679-JAM-

6    EFB, ECF Nos. 34, 36, 37.)  Plaintiffs in the prior action then appealed the district court's

7    decision to the Ninth Circuit Court of Appeals, which on March 29, 2013 summarily affirmed the

8    district court's judgment, noting that the questions raised by the plaintiffs' appeal were so

9    insubstantial as not to require further argument.  (Id., ECF No. 44.)  The Ninth Circuit Court of

10   Appeals's mandate was issued on April 24, 2013.  (Id., ECF No. 45.)

11        The district court's dismissal of the prior action without leave to amend, subsequently

12   affirmed by the Ninth Circuit Court of Appeals, was plainly a final judgment on the merits.

13   "Dismissal of an action with prejudice, or without leave to amend, is considered a final judgment

14   on the merits."  Nnachi v. City of San Francisco, 2010 WL 3398545, at *5 (N.D. Cal. Aug. 27,

15   2010) (citing Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1052 (9th Cir. 2005)); see also

16   Federated Dep't Stores v. Moitie, 452 U.S. 394, 399 n.3 (1981) (A dismissal "for failure to state a

17   claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits.").

18        Identity or Privity Between Parties

19        There is no question that the prior action and the instant action involve the same parties,

20   i.e., plaintiff Suman Mehta and defendants Stephen Lipworth and Steven Finley.  Although the

21   prior action also expressly named Raj Singh as a plaintiff, that fact has no bearing on the

22   application of claim preclusion to the claims of plaintiff Suman Mehta, who was a named plaintiff

23   in both actions.  Moreover, even though Raj Singh is not a named plaintiff in the instant action,

24   plaintiff nonetheless alleges that Raj Singh is an "indispensable party."  (ECF No. 1, ¶ 8.)

25        In sum, the court finds that claim preclusion bars plaintiff's claims against defendants

26   Lipworth and Finley in this action.  Furthermore, although the court would ordinarily grant a pro

27   se plaintiff leave to amend, the bar of claim preclusion here cannot be overcome by further

28   revision of plaintiff's claims.  As such, granting leave to amend would be futile.  See Cahill v.

5

1  Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

2          Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that plaintiff's

3  motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

4          IT IS ALSO HEREBY RECOMMENDED that:

5          1.   The action be DISMISSED WITH PREJUDICE.

6          2.   The Clerk of Court be directed to close this case and vacate all dates.

7          These findings and recommendations are submitted to the United States District Judge

8  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

9  days after being served with these findings and recommendations, any party may file written

10  objections with the court and serve a copy on all parties.  Such a document should be captioned

11  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

12  shall be served on all parties and filed with the court within fourteen (14) days after service of the

13  objections.  The parties are advised that failure to file objections within the specified time may

14  waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th

15  Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

16          IT IS SO ORDERED AND RECOMMENDED.

17  Dated:  October 8, 2013

18

19                                        KENDALL J. NEWMAN
                                          UNITED STATES MAGISTRATE JUDGE
20

21

22

23

24

25

26

27

28