UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUMAN MEHTA, Individually and Trustee of RadhaKrishna Trust,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STEPHEN LIPWORTH, STEVEN FINLEY, and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | No. 2:13-cv-02049-GEB-KJN<br><br>**ORDER** |

　　　　On October 30, 2013, an order was filed, which adopted the Magistrate Judge's October 8, 2013 Findings and Recommendations in full and dismissed this action with prejudice. Judgment was entered accordingly on the same day.

　　　　On November 7, 2013, Plaintiff, pro se, filed a "Request to Set Aside Dismissal." (ECF No. 6.) The Court "construe[s] th[is] filing[] . . . as a request for reconsideration or relief from judgment." Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898 (9th Cir. 2001). Further, since the filing was made within twenty-eight days of entry of judgment, it "is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure [("Rule")] 59(e)[,]" rather than "a motion for relief from a judgment or order" under Rule 60(b). Id. at 898-99 (applying Rule

1

59(e)'s ten day deadline before its 2009 amendment to twenty-eight days).

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011).

Plaintiff has not made an adequate showing under any of the referenced grounds for reconsideration. Therefore, Plaintiff's reconsideration motion is DENIED.

Dated: March 18, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

2